NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| VITO MANENTE and DENISE MANENTE,<br><br>    Plaintiffs,<br><br>    v.<br><br>MS. BLUEMEL – IRS Agent, et al.,<br><br>    Defendants. | Civil Action No.: 19-9665<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

## I.    INTRODUCTION

This matter comes before the court on the motion of Defendants the United States of America, Ms. Bluemel, Denise D. Davis, and Christine L. Davis ("Defendants") to dismiss the amended complaint (ECF No. 14) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 15. *Pro se* Plaintiffs Vito Manente and Denise Manente ("Plaintiffs") opposed the motion[1] (ECF No. 16) and Defendants replied (ECF No. 17). The motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendants' motion to dismiss (ECF No. 15) is **GRANTED**.

---

[1] Plaintiffs concede that the individual defendants should be dismissed and "agree[] with Defendants to have the Court treat this as a suit against the United States." ECF No. 16 at 3. Plaintiffs also rescind their request for punitive damages and their request for "declaratory relief of taxes." Id. at 10. Nevertheless, to the extent Plaintiffs seek any sort of declaratory relief in this matter, such relief is barred by the Declaratory Judgment Act. *See* 28 U.S.C. § 2201 (Declaratory Judgment Act does not authorize declaratory relief "with respect to Federal taxes or other action brought under section 7428 of the Internal Revenue Code."); *see also Bob Jones Univ. v. Simon*, 416 U.S. 725, 732 n.7 (1974).

## II. BACKGROUND

The suit arises out of Plaintiffs' attempts to seek damages for alleged collection actions by the Internal Revenue Service ("IRS"), injunctive relief, and a tax refund under 26 U.S.C. § 7422. ECF No. 14 ¶ 1.  Specifically at issue here are Plaintiffs' federal income tax returns for the years 2012 through 2016. Id. ¶ 4.  Plaintiffs allege that they were not subject to income tax withholding during those years because they were not "employees" as defined by the Internal Revenue Code and accordingly their wages were not taxable "income." Id. ¶ 7.  The IRS disallowed Plaintiffs' refund claim in 2018, warned Plaintiffs that they would be subject to penalties if they did not withdraw their frivolous positions, and when Plaintiffs refused, the IRS assessed penalties on Plaintiffs. Id. ¶¶ 9–11.  Plaintiffs also allege the IRS has offset the refund claimed for the 2017 tax years against liabilities for the 2014, 2015, and 2016 tax years and has sent Plaintiffs a "Notice of Intent to (levy) your property or rights to property" on June 17, 2019. Id. ¶¶ 9(f), 22.

## III. LEGAL STANDARD

### A. Rule 12(b)(1) of the Federal Rules of Civil Procedure

A court must grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) if the court determines that it lacks subject-matter jurisdiction over a claim. *See In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "Generally, where a defendant moves to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction, the plaintiff bears the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." *Connelly Firm, P.C. v. U.S. Dep't of the Treasury*, No. 15-2695, 2016 WL 1559299, at *2 (D.N.J. Apr. 18, 2016) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)).  A motion to dismiss based on sovereign immunity is

properly brought pursuant Rule 12(b)(1) because sovereign immunity implicates the Court's subject-matter jurisdiction. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996). In considering a motion pursuant to Rule 12(b)(1), the Court must determine whether the motion "presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Constitutional Party of Pa. v. Aichele*, 757 F.3d 347, 357–58 (3d Cir. 2014). A facial attack "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court." *Id.* at 358. A factual attack, in contrast, "is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction. *Id.*

Here, Defendants' motion asserts the defense of sovereign immunity based on the facts as pleaded in the amended complaint and is thus a facial attack. *See Defilippo v. Almeida*, No. 17-13026, 2019 WL 3985625, at *2 (D.N.J. Aug. 21, 2019); *see also* ECF No. 15-1 at 4. Accordingly, the Court "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Aichele*, 757 F.3d at 358. Further, "Eleventh Amendment immunity is an affirmative defense" and thus Defendants bear the burden of showing that it applies. *Carter v. City of Philadelphia*, 181 F.3d 339, 347 (3d Cir. 1999).

### B. Rule 12(b)(6) of the Federal Rules of Civil Procedure

To survive dismissal under Rule 12(b)(6), a complaint must meet the pleading requirements of Fed. R. Civ. P. 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The purpose of Rule 8(a)(2) is to give the defendant "fair notice" of the claims against it. *Twombly*, 550 U.S. at 555. In

evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Ultimately, though, factual allegations must support a right to relief that is more than speculative. *Twombly*, 550 U.S. at 555. A complaint "that offers 'labels and conclusions' or . . . tenders 'naked assertions' devoid of further factual enhancement," will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 545, 557). Alternatively, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The party seeking dismissal under Rule 12(b)(6) bears the burden of demonstrating that no claim upon which relief may be granted has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

## IV.  DISCUSSION

### A.  Wrongful Levy Damages Claim

The Court lacks jurisdiction over Plaintiffs' wrongful levy damages claim as the United States has not waived sovereign immunity. "Waivers of the Government's sovereign immunity, to be effective, must be 'unequivocally expressed.'" *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33 (1992) (quoting *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95 (1990)). It is the plaintiff "who bears the burden of showing an unequivocal waiver of sovereign immunity" when a claim is asserted against government defendants. *Logan v. United States*, 2012 WL 2979041, at *1 (D.N.J. July 20, 2012).

Plaintiffs have failed to meet their burden here. Plaintiffs' wrongful levy damages claim stems from their allegations that the IRS improperly levied against them to collect unpaid taxes and penalties. Section 7426(h) of the Internal Revenue Code permits suit for a wrongful levy by

4

a person "other than the person against whom is assessed the tax out of which such levy arose." 26 U.S.C. § 7426(a)(1). Plaintiffs' claim, however, does not fall within Section 7426(h)'s limited waiver of sovereign immunity because the statute does not authorize a suit by the taxpayer on behalf of themselves. *See, e.g.*, *Komlo v. United States*, 657 F. App'x 85, 88 (3d Cir. 2016) ("[Plaintiff] lacks recourse under the statute because she is the 'person against whom' the IRS 'assessed the tax' giving rise to the levy at issue."). Therefore, the wrongful levy damages claim is barred by sovereign immunity and must be dismissed for lack of subject matter jurisdiction.

### B. Claim for Injunctive Relief

Plaintiffs' request to enjoin the IRS from penalizing Plaintiffs in the future for their IRS filings from 2012 through 2016 is barred by a statute directly on point. The Tax Anti-Injunction Act states that "no suit for the purpose of restraining the assessments or collection of any tax shall be maintained in any court by any person[.]" 26 U.S.C. § 7421(a). The Act also "withdraw[s] jurisdiction from the state and federal courts to entertain suits" to enjoin tax assessments, or collections actions. *Lundberg v. United States*, 720 F. Supp. 2d 25, 28 (D.D.C. 2010). Plaintiffs' argument that this suit fits within the exceptions to the Tax Anti-Injunction Act is unavailing. The exceptions to the Tax Anti-Injunction act are applicable only in "extraordinary circumstances" where "under no circumstances could the Government prevail" and "equity jurisdiction otherwise exists." *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7 (1962). The high bar needed to invoke these exceptions is not met here, as Plaintiffs' claims rely on a strained reading of the Internal Revenue Code, which as discussed below, is without merit and has been repeatedly rejected by various courts. Accordingly, Plaintiffs' claim for

injunctive relief must be denied as it is barred by statute and not within this Court's purview to consider.

### C. Refund Claim

Finally, Plaintiffs' refund claim fails as matter of law. Plaintiffs' have failed to state a claim here because, even accepting the allegations in the amended complaint as true, it is well-settled that Plaintiffs' interpretation of the Internal Revenue Code is incorrect and that privately-employed workers are employees. *See United States v. Connor*, 898 F.2d 942, 944 (3d Cir. 1990) ("Every court which has ever considered the issue has unequivocally rejected the argument that wages are not income."); *United States v. Latham*, 754 F.2d 747, 750 (7th Cir. 1985) ([Plaintiff's argument] that under 26 U.S.C. § 3401(c) the category of 'employee' does not include privately employed wage earners is a preposterous reading of the statute."); *United States v. Hendrickson*, Case No. 06-11753, 2007 WL 2385071, at *3, *4 (E.D. Mich. May 2, 2007) ("Defendants' contention that withholding applies only to government workers is frivolous and false. . . . Defendants are prohibited from filing any tax return . . . that is based on the false and frivolous claims set forth in Cracking the Code that only federal, state or local government workers are liable for the payment of federal income tax."). Indeed, some courts have even sanctioned litigants for proceeding under such a theory. *See Briggs v. Comm'r*, 111 T.C.M. (CCH) 1389 (May 2, 2016). While the Court will not sanction Plaintiffs at this time, it notes that their refund claim lacks any basis in the law and must be dismissed.

### V. CONCLUSION

**IT IS THEREFORE** on this 30th day of November 2020,

**ORDERED** that Defendants' motion to dismiss (ECF No. 15) is **GRANTED**; and it is further

    **ORDERED** that the amended complaint (ECF No. 14) is **DISMISSED**; and it is finally

    **ORDERED** that the Clerk of the Court shall mail a copy of this Order and Opinion to Plaintiffs and shall mark this matter **CLOSED**.

    **SO ORDERED.**

_____<br>**CLAIRE C. CECCHI, U.S.D.J.**